IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NORVELL GAUSE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:18-cv-2449-JTF-tmp |
| | ) |
| | ) |
| RIPLEY HOUSING AUTHORITY, | ) |
| | ) |
|     Defendant. | ) |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND GRANTING DEFENDANT RIPLEY
HOUSING AUTHORITY'S MOTION TO DISMISS

On July 3, 2018, Plaintiff Norvell Gause, proceeding *pro se*, filed a complaint against the Defendant Ripley Housing Authority ("RHA") for benefits and expenses for alleged violations of 42 U.S.C. § 4622 (a)(1) and 49 C.F.R. 24.301 *et seq*. based on his "relocation" from an RHA apartment.[1] (ECF Nos. 1, 1-1 & 2.) The matter was referred to the assigned Magistrate Judge pursuant to L.R. 4.1(b)(1) for management of all pretrial matters. (ECF No. 31, 1 fn.1.) On August 10, 2018, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief Can be Granted. (ECF Nos. 14 & 14-1.) On August 21, 2018, Plaintiff filed a "Motion and Notice-for Summary Judgment" on August 21, 2018 to which Defendant filed a Response. (ECF Nos. 16 & 18.) On November 8, 2018, the Magistrate Judge issued a Report and Recommendation, recommending that RHA's Motion to

---

[1] Plaintiff paid the entire $400.00 case initiation fee and, as such, the case was not screened pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 2.)

1

Dismiss be granted pursuant to Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 8 (a). (ECF No. 31.) On November 26, 2018, the Court granted Plaintiff's motion for leave to file untimely objections to the Magistrate Judge's report and recommendation. *See* L.R. 72.1(g)(2) and Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1). (ECF Nos. 33 -35.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations.

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). If the Magistrate Judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is found to be clearly erroneous or contrary to law. However, if the Magistrate Judge's order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 F. App'x 308, 311 (6th

Cir. 2003) A *de novo* review requires the reviewing court to reconsider the matter in its entirety, without any weight or consideration to the lower court's decision. However, a *de novo* review does not require the reviewing court to disagree with any of the findings of the lower court. *See United States v. Navarro-Camacho*, 186 F.3d 701, 709 (6th Cir. 1999). Any party who disagrees with a Magistrate Judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A judge shall make *de novo* determinations to those portions of the report or specified proposed findings or recommendations to which an objection is made. *See* 28 U.S.C. § 636 (b)(1)(C).

### III. FACTUAL HISTORY

The Magistrate Judge's report and recommendation includes proposed findings of fact. (ECF No. 31, pp. 2-5.) The Court construes Plaintiff's objections to the Magistrate Judge's proposed findings of fact as follows: (1) that the Magistrate Judge failed to acknowledge that his case challenges two federal agencies, the Department of Housing and Urban Development and the United States Postal Service Inspector General and their alleged unwillingness to provide him due process, the requested relocation/relocation assistant expenditures, and/or complete renovations to his apartment, a new HVAC unit and microwave; and (2) the Magistrate Judge's finding that he was behind in his rent payments. (ECF No. 34.) The Court finds that only one of these objections actually pertains to the Magistrate Judge's proposed findings of fact- that Plaintiff was behind in his rent. (ECF Nos. 31, 3-4; 36-39). The exhibits in the record clearly show that on March 28, 2018, Gause was issued a detainer summons in Lauderdale County regarding his residence at 164 A Lafayette Street for the amount of $215.00 in delinquent rental

payments for the month of March 2018. (ECF Nos. 1-36 – 1-40, 1-43 – 1-45 & 6-5 & 6-7 – 6-8.) Accordingly, the Court finds this objection is without merit and should be Overruled.

Therefore, the Court fully adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

### IV. ANALYSIS

The Magistrate Judge recommends that Plaintiff's initially-filed complaint should be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 8 for the following reasons: (1) Gauze's Motion for Leave to Amend should be denied because the Amended Complaint was untimely and filed without leave of Court or the opposing party's consent and added nothing to the original claims; and (2) the undersigned Court lacks subject matter jurisdiction to either review the agency's administrative decisions under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*, or to award damages based on a prior state court detainer action under the *Rooker-Feldman* doctrine. In addition, the Magistrate Judge concluded that the complaint does not satisfy Fed. R. Civ. P. 8(a) that requires a Plaintiff to assert a short, plain or plausible claim for relief. (ECF Nos. 15, 3 & 11, 1-2.) Gause's objection to the Magistrate Judge's report and recommendation is that the undersigned Court may review the HUD hearing officer's decision and the state court detainer action under *Rooker-Feldman* or the Administrative Procedures Act and reconsider whether Gause was unlawfully denied due process and relocation expenditures and allowances. (ECF No. 34.)

*Does the Court lack Subject Matter Jurisdiction under the ADA and Rooker-Feldman ?*

The Magistrate Judge concluded that, to the extent that Gause seeks damages for harm caused by the state court's writ possession or for actions by the Ripley Housing Authority, the

4

undersigned Court lacks jurisdiction under the *Rooker-Feldman* doctrine and the APA, 5 U.S.C. §§ 701, *et seq.* Specifically, the Magistrate Judge first concluded that the undersigned Court is not authorized to review RHA's administrative decisions as the APA does not apply to state agencies. (ECF No. 31, 8-9.) In his objections, Gause merely reiterates facts that he perceives support his case and asserts that the Court can review the administrative grievance procedures of RHA, MHA, and HUD, and the General Sessions state court decision underlying this case. (ECF No. 34, 4-5.) The Court agrees that subject matter jurisdiction is lacking in this case.

In *Hunter,* a case cited by Defendant, "the APA defines agency as each authority of the Government of the United States, subject to certain exceptions . . . 5 U.S.C. § 701(b)(1). (ECF No. 14-1.) The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies. The Des Moines Housing Authority is a state agency … provides federal subsidized public housing to low income families, but it is not a federal agency whose actions are governed by the APA." *See Hunter v. Underwood,* 362 F.3d 468, 477 (8th Cir. 2004); *see also West v. Jackson*, 538 F. Supp.2d 12, 21 (D.C. March 10, 2008) (Section 8 applicant precluded from bringing action against local public housing authority and HUD for discrimination under APA as the APA does not provide an independent basis for jurisdiction). Gause asserts that although RHA exists in Tennessee, it is not a state agency because it is subsidized by HUD and falls under HUD regulations. (ECF No. 34, 4.) A hearing officer with the Memphis Housing Authority ("MHA") issued a decision after conducting an informal hearing in this case. (ECF No. 6-10.) MHA, as well as RHA, are considered governmental entities within the state of Tennessee whose decisions therefore are not reviewable by this Court under the APA. *Stewart v. Memphis Housing Authority,* 287 F. Supp. 2d 853, 855 (W.D. Tenn.

5

2003).

Secondly, the Magistrate Judge recommends dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine of any claims regarding the writ of possession action that was brought by RHA against Gause. *See Pieper v. Am. Arbitration Ass'n, Inc*., 336 F.3d 458, 462 (6th Cir. 2003) and 5 U.S.C. § 701 *et seq.* (ECF No. 31, 8.) In *Pieper*, the Sixth Circuit found that the *Rooker-Feldman* doctrine bars re-litigation of claims raised in state court proceedings. "'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Id.* at 460. In other words, the *Rooker-Feldman* doctrine precludes subject matter jurisdiction in federal court in cases where the loser complains of injuries caused by state court judgments. *Vanderkodde v. Mary Jane M. Elliott, P.C.,* 314 F. Supp.3d 837, 839 (W.D. Mich. May 15, 2018). *Thomas v. Haslam*, *et al.,* 303 F.Supp.3d 585 (M.D. Tenn. March 26, 2018)(under *Rooker-Feldman*, a federal court lacks subject matter jurisdiction to conduct an appellate review of a state court decision.) In this case, Gause attempts to challenge Lauderdale County General Sessions Court's issuance of a writ of detainer against him for non-payment of rent. (ECF No. 1-40.) As noted above, it appears to this Court that Gause was given adequate notice of the delinquency and an opportunity to cure it. A final decision on the merits of the detainer action was entered by the state court and this Court lacks jurisdiction to disturb the state court action. Plaintiff's objections in this regard are Overrruled.

Finally, the Court does not find any other specific objections to the Magistrate Judge's report and recommendation and therefore finds that the report and recommendation should be

adopted in full and the case dismissed.

## CONCLUSION

Upon a *de novo* review of Plaintiff's complaint, the Magistrate Judge's report and recommendation, and Plaintiff's objections, the Court adopts the Magistrate Judge's report and recommendation in its entirety. Accordingly, Plaintiff's case is dismissed pursuant to Fed. R. Civ. P. 12(b) for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 8(a).

**IT IS SO ORDERED** on this 11th day of December, 2018.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE